# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRITTANY EVANS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, )<br><br>*Plaintiff*, )<br><br>v. )<br><br>WESTON EDUCATIONAL, INC., )<br><br>*Defendant*. ) | Case No. 4:16-cv-1713<br><br>Judge: _____<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Brittany Evans (hereinafter referred to as "Plaintiff") by her undersigned attorneys, on her own behalf and on behalf of all others similarly situated, upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, brings this putative class action against Defendant Weston Educational, Inc. (hereinafter collectively referred to as "Weston" or "Defendant"), and alleges as follows:

## NATURE OF THE CASE

1. Until on or about November 1, 2016, Weston was a was a provider of postsecondary degree programs in the United States.

2. Weston operated as 10 Heritage College campus locations across the United States, and as Missouri College in St. Louis, Missouri.

3. Upon information and belief, Weston employed more than 100 employees, excluding part-time employees as defined at 29 U.S.C. 2101(a)(8).

4. Upon information and belief, on November 1, 2016, Weston ceased operations, closed its business, and terminated its employees, all without prior notice.

5. Plaintiff Evans, worked at Missouri College for the past 7 years.

6. Plaintiff Evans was called into a meeting around 1:00 PM on November 1, 2016, where she, and other Missouri College staff members, were told by the president of Missouri College to pack their things, as they no longer had a job due to Weston's sudden and previously unannounced shutdown.

7. Upon information and belief, substantially all Weston employees where terminated on November 1, 2016.

8. The now-former employees of Weston were not given 60 days' notice of their employment loss or the nationwide shuttering of Weston and its subsidiaries/affiliates.

9. As a result, Plaintiff brings this putative class action under the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101 *et seq*., to recover unpaid wages owed to herself and to all others similarly situated due to Weston's unlawful acts.

## THE PARTIES

10. Plaintiff Britany Evans is an individual citizen of the State of Missouri. Ms. Evans resides in St. Louis, Missouri.

11. Defendant Weston Educational, Inc. is a Colorado Corporation with its principal place of business at 4704 Harlan Street, Suite 420, Denver, Colorado, 80212. Weston may be served through its registered agent, Eric Chiusolo at 4704 Harlan Street, Suite 690, Denver, Colorado 80212.

12. Weston owned and operated Missouri College and has control over Missouri College, including the power to require Missouri College to cease operations. See, Exh. A, Missouri College Closing Notice.

## JURISDICTION AND VENUE

13. This Court has federal-question subject-matter jurisdiction pursuant to 29 U.S.C. § 2104(a)(5) and 28 U.S.C. § 1331.

14. This Court has personal jurisdiction over Weston, as Weston is registered to do business in this State and organized under the laws of this State and Weston was actively engaged in the management and operation of its business in this State.

15. Venue is proper in this District and this Division pursuant to 28 U.S.C. § 1391 and E.D.Mo. L.R. 3-2.07(A)(1), as the unlawful practices of Weston, as alleged below, were committed in St. Louis County.

## FACTUAL ALLEGATIONS

### WESTON'S FOR-PROFIT COLLEGE STRUCTURE

16. Weston was a for-profit college which offered a variety of degree programs across its nationwide campus.

17. Weston is a private Colorado corporation and operated under various names, including Heritage College and Missouri College.

18. Heritage College had 10 campus locations.

19. Additionally, Weston owned Missouri College, which operated in St. Louis, Missouri.

20. Weston operated these locations as a single, integrated business, with the same corporate oversight and structure.

21. Weston employed more than 100 employees immediately prior to its November 1, 2016 mass termination.

### The November 1, 2016 Mass Termination

22. For Plaintiff, November 1, 2016, seemed to be a normal work day.

23. However, that changed on or around 1:00 PM.

24. Plaintiff was called into a staff meeting where the President of Missouri College stated that there was a financial shortfall, and that Missouri College, along with other Weston businesses was required to close by mandate of Weston.

25. As such, Plaintiff was told to pack her things and go home. She was effectively terminated at that time.

26. No warning of Weston's nationwide closing or the November 1, 2016 termination was given by Weston to Plaintiff or other Weston employees prior to the meeting informing Weston employees that they would not have a job the next day.

27. According to a posting by Heritage College:

> The reason for the campus closures is that Heritage does not have the cash to continue to run its business. Numerous factors contributed to the circumstances including declining student population and a continued, decreased demand for the services of for-profit schools.

See, Ex. B., Heritage College Closing Notice.

28. According to a posting by Missouri College:

> It is with great disappointment that we announce that Missouri College must permanently close effective immediately. Missouri College was purchased just over a year ago by Weston Educational Inc. and today Weston informed the College's administration that due to a financial shortfall, the company could no longer continue operations at any of the 10 campuses it owns, including Missouri College. The parent company has required us to close.
>
> …
>
> It is unfortunate that Weston's overall financial situation at its other campuses has brought about the closure of our College. Over the past week, in order to help our students, Missouri College administrators made countless attempts to find other options including change of ownership away from Weston and transfer of

> accreditation. Unfortunately, the options were not viable within the timeline available.
>
> This is very difficult news and we are devastated by the effects this will have on our students, teachers, and staff. Missouri College educated students for the past 53 years and delivered some of the brightest healthcare and dental professionals in the area. We can't thank the community enough for the support they have given to help educate our students through the years and for the high regards they placed on our graduates.

Ex. A, Missouri College Closing Notice.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action pursuant to the WARN Act and Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and other similarly situated Weston employees who worked at Weston, a Heritage College, or a Weston owned college, such as Missouri College, across the United States who were terminated without cause and without proper notice on or about November 1, 2016.

30. The Class is referred to herein as the "Class," unless otherwise indicated. Plaintiff reserves the right to add, amend, modify, or further define the Class, add subclasses, and/or to move for certification of a class or classes, including subclasses, defined differently than set forth above depending on the facts or law as discovered in this action.

31. Plaintiff asserts claims against Weston individually and on behalf of all Class members for violations of the law as set forth below.

32. The members of the Class are ascertainable from objective criteria.

33. If necessary to preserve the case as a class action, the Court itself can redefine the Class, create additional classes or subclasses, or both.

34. The requirements of Rule 23(a) are satisfied for the Class because the members of the Class are so numerous and geographically dispersed that joinder of all its members is

impracticable. Although the exact number and identity of each class member is unknown at this time, Plaintiff believes that more than 100 employees worked for Weston and more than 100 employees have suffered an employment loss. Therefore, the "numerosity" requirement of Rule 23(a)(1) is met.

35. The commonality requirement of Rule 23(a)(2) is satisfied because there are questions of law or fact common to Plaintiff and the other members of the proposed Class that predominate over questions affecting only individual members of the Class. Among those common questions of law or fact are, but are not limited to, the following:

   a. whether Plaintiff and other similarly-situated individuals were employed by Weston;
   b. whether Plaintiff and other similarly-situated individuals suffered an employment loss;
   c. whether Weston ordered this employment loss;
   d. whether Plaintiff, and other similarly-situated individuals, were entitled to notice of the mass layoff by Weston under the WARN Act;
   e. whether Weston gave proper notice of the nationwide closing of all Weston campuses under the WARN Act; and
   f. whether the Weston is subject to any potential defenses provided for in the WARN Act.

36. Plaintiff's claims are typical of the claims of the proposed Class that she seeks to represent, as described above, because the claims arise from the same course of conduct and actions by Weston and are based on the same legal theories. Further, Plaintiff has sustained legal injuries arising from Weston's conduct, as alleged herein, and Plaintiff seeks the same forms of relief for herself and the proposed Class. Therefore, the "typicality" requirement of Rule 23(a)(3) is satisfied.

37. Because her claims are typical of the proposed Class that Plaintiff seeks to represent, Plaintiff has every incentive to pursue those claims vigorously. Plaintiff has no conflicts with, or interests antagonistic to, the proposed Class. Plaintiff, a victim of Weston's illegal and unscrupulous acts and practices, including alleged violations of the WARN Act, is committed to the vigorous prosecution of this action, which is reflected in their retention of competent counsel experienced in complex and challenging litigation.

38. Plaintiff's counsel satisfies the requirements of Rule 23(g) to serve as counsel for the proposed class. Plaintiff's counsel (a) has identified and thoroughly investigated the claims set forth herein, (b) has been in the past, and is currently, involved in complex labor and employment litigation; (c) is currently involved in a WARN Act case filed on behalf of a class of former ITT Tech employees; (d) has knowledge of the applicable law and devotes a substantial amount of practice to employment and labor law issues; and (e) is committed to the vigorous prosecution of this action. Accordingly, Plaintiff satisfies the adequacy of representation requirements of Rule 23(a)(4).

39. This action also meets the requirements of Rule 23(b)(3). Common questions of law or fact, including those set forth above, exist as to the claims of all members of the proposed Class and predominate over questions affecting only individual class members, and a class action is the superior method – if not the only method – for the fair and efficient adjudication of this controversy.

40. Class treatment will permit large numbers of similarly-situated ex-employees to prosecute their respective claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would produce. Further, by prosecuting this case as a class action class members who may be (or already

are) afraid of retaliation by Weston may receive just compensation for Weston's violations of the WARN Act without fear of retaliation for seeking a just recovery.

41. Further, notice may be provided to members of the proposed class by first-class mail to addresses maintained for each Class member by Weston, and through alternative means, including electronic mail (email), social network posting (i.e., Facebook posts), and community postings.

## CLAIM FOR RELIEF
## COUNT I – INDIVIDUALLY AND ON BEHALF OF THE CLASS
## FAILURE TO GIVE NOTICE PURSUANT TO THE WARN ACT

42. Plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs of this Class Action Complaint as if fully set forth herein.

43. Weston is a business enterprise subject to the provisions of the WARN Act, 29 U.S.C. § 2101 *et seq.*, as an "employer" because, upon information and belief, Weston employs 100 or more employees, excluding part-time employees.

44. Defendants are engaged in interstate commerce and its employees, including Weston staff and administration, are engaged in interstate commerce.

45. The WARN Act, 29 U.S.C. § 2102 establishes that "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order … to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee."

46. Further, the term "affected employees" is defined by 29 U.S.C. §2101(a)(5) "employees who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer."

47. Plaintiff and Class members are "affected employees."

48. Thus, Weston should have given Plaintiff and Class members 60-days' notice of Weston's closing.

49. No exception to the WARN Act is applicable here.

50. Weston did not act in good faith or with reasonable grounds for believing that its actions were not a violation of the WARN Act.

51. Weston failed to give adequate reasons, under the WARN Act, as to why the its entire business was closing.

52. Accordingly, Plaintiff is authorized to bring this action against Weston for its violation of the WARN Act pursuant to 29 U.S.C. § 2104(a)(1).

53. Plaintiff and Class members are entitled to back pay for each day of Weston's violation at a rate of compensation not less than the higher of the average regular rate received by such employee during the last 3 years of the employee's employment or the final regular rate received by such employee.

54. Additionally, Plaintiff and Class members are entitled to benefits under an employee benefit plan described in § 1002(3) of this Title 29, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred, if applicable.

55. Weston's liability shall be calculated for the period of the violation, up to a maximum of 60 work days.

56. At all relevant times hereto, Plaintiff and Class members have been entitled to the rights, protections, and benefits provided under the WARN Act.

57. As alleged herein, Weston failed give the notice required by the WARN Act prior to the termination of Plaintiff and Class members.

58.     Upon information and belief, Weston could have given 60-days' notice, but chose not to in an attempt to avoid payment of 60-days' wages to Plaintiff and Class members.

59.     If any purported release was signed by Plaintiff or Class members, such a release is invalid as it lacks consideration as Weston paid no severance here.

60.     Accordingly, Plaintiff and Class members are aggrieved employees, have suffered economic harm due to Weston's actions, and are therefore entitled to 60-days' back pay and continued benefits, pre- and post-judgment interest, reasonable attorney's fees, and the costs of this action, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff, individually and on behalf of all others similarly situated, pray for relief as follows:

A. an order from the Court certifying the Class identified herein as a class action pursuant to FED. R. CIV. P. 23(b) and (c) and appointing Plaintiff as class representative and appointing her counsel to represent the Class;

B. an order from the Court awarding Plaintiff and Class members unpaid wages, salary, commission, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits for 60 working days following the Plaintiff and/or Class members' termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1), in an amount to be proven at trial;

C. an order from the Court awarding Plaintiff and Class members pre-judgment and post-judgment interest, as well as reasonable attorneys' and expert-witness fees and other costs as may be available under law; and

D. an order from the Court awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on all issues so triable.

Dated: November 2, 2016

Respectfully submitted,
PLAINTIFF BRITTANY EVANS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

By: */S/ Brandon M. Wise*
Brandon M. Wise – MO Bar No. 67242
Paul A. Lesko – MO Bar No. 51914
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Ph: 314-833-4825
Ph: 314-833-4826
Email: bwise@prwlegal.com
Email: plesko@prwlegal.com

COUNSEL FOR PLAINTIFF AND
THE PUTATIVE CLASS MEMBERS